## IN THE UNITED STATES DISTRICT COURT OF KANSAS

| | |
|---|---|
| **SUHEIL PUREWAL**, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| | ) |
| **T-MOBILE USA, INC.** | ) |
| **SERVICE AT:** | ) |
| **Corporation Service Company** | ) |
| **2900 SW Wanamaker Drive, Ste. 204** | ) |
| **Topeka, KS 66614** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW Plaintiff Suheil Purewal ("Plaintiff"), by and through the undersigned counsel, and states and alleges as follows for his Complaint against the above named Defendant:

## NATURE OF THE CASE

1. Plaintiff, while an employee of Defendant T-Mobile USA, Inc. d/b/a T-Mobile, was subjected to unlawful discrimination based on his status as an individual with a disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et. seq.*

2. Plaintiff seeks all relief available under the ADA, including but not limited to, compensatory and punitive damages, costs, and reasonable attorneys' fees.

3. Plaintiff seeks all relief available under the Family and Medical Leave Act ("FMLA"), including but not limited to, compensatory and liquidated damages, costs, and reasonable attorneys' fees.

## PARTIES

4. Plaintiff is a Kansas citizen residing in Lenexa, Johnson County, Kansas.

5. Plaintiff is a "qualified individual" under the ADA, specifically 42 U.S.C. §12111(8), because Plaintiff suffers from a disability but can perform the essential functions of his job with or without reasonable accommodation.

6. Defendant T-Mobile USA Inc. ("T-Mobile") is a Delaware entity.

7. T-Mobile, is an "employer" for purposes of the ADA and as defined in 42 U.S.C. § 12111(5)(A) because it employs more than 15 people each day.

8. T-Mobile is an entity and thus incapable of acting on its own behalf and therefore acts through agents. It is liable for the conduct of its agents, including but not limited to the individuals named herein, acting within the course and scope of their agency, its own negligence, the acts of its agents which it ratifies, injuries incurred by agents' performance of its non-delegable duties, and acts its agents take by virtue of their agency or employment with T-Mobile.

## JURISDICTION AND VENUE

9. Plaintiff submits to this Court's jurisdiction for the adjudication of his Complaint.

10. This Court has personal jurisdiction over T-Mobile in that at all relevant times, T-Mobile transacted business in the State of Kansas and committed the acts and omissions alleged herein in the State of Kansas within this District, and otherwise has a continuous and systematic presence in this District.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal law and involve a substantial federal question.

12. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District Court's territorial jurisdiction.

## ADMINISTRATIVE PROCEEDINGS

13. On or about April 28, 2017, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission. The Charge Number is 563-2017-01318. A copy is attached hereto as **Exhibit A and is incorporated herein by reference.**

14. On July 20, 2017, the Equal Employment Opportunity Commission issued to Plaintiff a Notice of Right to Sue. A copy is attached hereto as **Exhibit B and is incorporated herein by reference**.

15. This action has been filed within ninety days after July 20, 2017.

## FACTUAL ALLEGATIONS

16. Plaintiff is a male of Indian descent.

17. Beginning in October 2010, Plaintiff was employed at T-Mobile USA Inc. ("T-Mobile") as a Retail Sales Associate.

18. In December 2011, Plaintiff was diagnosed with Multiple Sclerosis ("MS").

19. On May 23, 2016, Plaintiff began intermittent Family and Medical Leave ("FMLA"), due to complications with MS.

20. At the time Plaintiff began FMLA leave, Plaintiff had been a Retail Store Manager since May 2015, and a Retail Store Associate Manager, since April 2013.

21. In September 2016, while still on leave from work for MS complications, Plaintiff's doctor submitted a request for accommodations to T-Mobile—namely, that Plaintiff work no more than 40 hours a week on a consistent basis, and receive a 10 minute break every two (2) hours.

22. Plaintiff was contacted by Jennifer Lamb (HR Accommodations Team), whom indicated that, after speaking with Plaintiff's District Manager Mike Laughlin, Plaintiff could not be returned to his previous position as a Retail Store Manager.

23. Ms. Lamb further indicated that Plaintiff's accommodations were too restrictive.

24. Plaintiff complained to Ms. Lamb and Mr. Laughlin that he believed there were jobs he could handle, and he just needed the opportunity to do it.

25. Beginning in October 2016, Ms. Lamb indicated that she would help Plaintiff search for another position within T-Mobile

26. However, any potential employment opportunities were identified by Plaintiff with little to no help from Ms. Lamb.

27. Over the course of several weeks in January and February 2017, Plaintiff attempted to contact Ms. Lamb to complain about lack of opportunities, but she was unresponsive.

28. Finally, on February 13, 2013, Ms. Lamb called Plaintiff and stated that his employment with T-Mobile was terminated, even though his request for accommodations were reasonable.

29. Indeed, there are certain Retail Store locations where a Store Manager would average 40 hours a week.

30. Further, there were potential opportunities as a Retail Store Associate Manager, a position where an employee cannot work more than 40 hours a week, without approval, under T-Mobile's policy.

31. There was also positions available at a corporate level.

32. Importantly, there was no accusation that Plaintiff was not doing his job or completing assignments.

33. Plaintiff's prior performance evaluations were exceptional.

34. Plaintiff received no progressive discipline, per the employment handbook.

35. As a result of his disability, T-Mobile terminated Plaintiff.

36. Defendant regarded Plaintiff as being and/or perceived Plaintiff to be disabled and/or Plaintiff has a record of being disabled.

37. Plaintiff's physical impairment substantially limits her ability to perform certain tasks.

38. Defendant knew or should have known of Plaintiff's diagnosis.

39. Defendant's conduct has caused Plaintiff degradation, humiliation, anxiety and emotional distress.

40. Defendant's conduct has caused Plaintiff lost wages and benefits; particularly, loss of health, dental and life insurance benefits when Plaintiff was terminated.

41. Defendant's conduct has caused Plaintiff to lose benefits in the form of 401K compensation, wherein, Defendant made contributions to Plaintiff's 401K.

42. Defendant's conduct has caused Plaintiff to incur health and medical expenses due to a lack of insurance and/or increased costs of medical insurance, following his termination.

43. Defendant's conduct has caused Plaintiff to incur loss of stock options due to the inability of his options to vest.

44. At all times relevant herein, before and after, the individuals responsible for the acts alleged herein were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendant. Therefore, Defendant is vicariously liable for the individuals' actions.

**COUNT I**
**Americans with Disabilities Act – Disability Discrimination/Failure to Accommodate**

45. Plaintiff incorporates by reference all other paragraphs in this Complaint and restates and re-alleges the same.

46. The Americans with Disabilities Act prohibits discrimination against a person who has a mental or physical impairment that substantially limits one or more major life activities, or who is regarded as having such an impairment, or who has a record of such an impairment, which with or without reasonable accommodation does not interfere with the individual's ability to perform the essential functions of the job in question.

47. Defendant discriminated against Plaintiff because he is actually disabled and/or because Defendant regarded him as disabled.

48. Plaintiff was disabled for purposes of the ADA.

49. Plaintiff's disability substantially affects and/or has affected one or more of his major life activities.

50. Defendant knew Plaintiff was actually disabled and/or perceived and regarded Plaintiff as having a mental or physical impairment that substantially affects one or more of his major life activities.

51. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in ways including but not limited to: treating Plaintiff with hostility and less favorably than similarly situated, non-disabled employees, failing to provide alternate employment opportunities to Plaintiff and ultimately terminating Plaintiff's employment with Defendant.

52. The conduct and actions by the above-described perpetrators were performed on the basis of Plaintiff's disability and/or perceived disability, and constituted disability discrimination that is prohibited by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

53. Plaintiff suffered tangible adverse employment actions as a result of Defendant's hostile treatment of Plaintiff, all based on Plaintiff disability or perceived disability.

54. Defendant's conduct has caused Plaintiff emotional distress, including but not limited to sadness, degradation, humiliation, anger, and upset.

55. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

56. Defendant's treatment of Plaintiff was punitive in nature and was based upon Plaintiff's status as a person regarded as having a physical impairment that substantially limits one or more major life activities.

57. Supervisory and administrative level employees knew or should have known of the discrimination based on Plaintiff's disability or perceived disability, but they failed to appropriately address the problem and further failed to implement effective and appropriate procedures to stop the discrimination.

58. The actions and conduct set forth herein were outrageous and showed an evil motive, reckless indifference, or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter others from similar conduct.

59. At all times mentioned herein, the above referenced perpetrators were employees, supervisors, managers, agents, servant, and employees of Defendant and were at all such time acting within the course and scope of their employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for punitive damages under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count I of this Complaint, for a finding that he was subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*, for an award of compensatory and punitive damages, pre-judgment and

post-judgment interest as provided by law, for his costs herein expended, for general and special damages, for his reasonable attorneys' fees, and such other relief as this Court deems just and proper, including equitable relief.

## COUNT II
## Americans with Disabilities Act – Retaliation

60. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

61. Plaintiff's complaints and reports of disability discrimination to Defendant's Human Resources Manager, as well as his immediate Supervisor, constituted protected activities.

62. As a result of Plaintiff's protected activities, Defendant subjected Plaintiff to adverse employment actions as alleged herein, including but not limited to: treating Plaintiff with hostility and less favorably than similarly situated, non-disabled employees, failing to provide alternate employment opportunities to Plaintiff and ultimately terminating Plaintiff's employment with Defendant.

63. Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

64. At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

65. Defendant's unlawful conduct directly and proximately caused and will continue to cause Plaintiff to suffer damages, including but not limited to lost wages and emotional distress.

66. Defendant's actions were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE Plaintiff prays for judgment in his favor and against Defendants on Count II of his Complaint for a finding that he has been subjected to unlawful discrimination as prohibited by the Americans with Disabilities Act; for an award of compensatory and punitive damages; pre judgment and post judgment interest as provided by law; for general and special damages; for his costs expended herein; reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF FMLA, 29 U.S.C. § 2601 et seq.

67. Plaintiff incorporates by reference all preceding paragraphs and allegations as though fully set forth herein.

68. Plaintiff was employed by Defendants, who is a covered employer.

69. Defendant is an employer as defined by 29 U.S.C. § 2601 *et seq.* and 29 U.S.C. § 2611(4)(A)(iii), as it is a public agency and employs 50 or more employees.

70. Plaintiff suffered from a medical condition that required continuing treatment by health care providers; particularly, Plaintiff was diagnosed with MS.

71. Defendant was aware of Plaintiff's medical condition and need for medical treatment.

72. Plaintiff worked for the Defendant for at least 12 months.

73. Plaintiff worked for Defendant at a location where 50 or more employees of Defendant worked within 75 miles.

74. Plaintiff was employed by Defendant and worked more than 1250 hours in the 12 months prior to his request for FMLA leave that resulted in his termination.

75. As a result, Plaintiff was required to and did take leave pursuant to 29 U.S.C. § 2601, et seq., and 29 U.S.C. § 2612(a) and 29 C.F.R. § 825.112 and § 825.122.

76. Further, under the FMLA, Plaintiff was entitled to take leave intermittent FMLA leave for his MS complications.

77. In the 12 months preceding his termination, Plaintiff did not exceed 12 work weeks of FMLA leave.

78. An eligible employee who takes FMLA leave is protected from retaliation or other harassing or discriminatory treatment.

79. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of any right provided by the FMLA.

80. Plaintiff's employment was terminated as a consequence of his attempt to exercise of his rights under the FMLA.

81. Defendants lacks good faith in its treatment of Plaintiff for exercising his rights under the FMLA.

82. Defendant was not entitled to refuse or fail to provide Plaintiff any support, guidance, or paperwork with respect to his FMLA leave requests and/or eligibility for FMLA leave, in violation of the FMLA.

83. Defendant deprived, interfered with, restrained, and/or denied Plaintiff of his rights under the FMLA, and/or Defendant retaliated against Plaintiff, by harassing, intimidating, and retaliating against Plaintiff, and constructively terminating him, in response to his use of and/or request for FMLA leave.

84. Plaintiff's termination under the circumstances set out herein was prohibited by the FMLA.

85. Defendant's actions against and treatment of Plaintiff were those which a reasonable employee would have found materially adverse.

86. The FMLA makes it unlawful an employee's use of FMLA leave to result in the loss of any employment benefit which accrued prior to the start of the employee's FMLA leave.

87. A causal connection exists between Plaintiff's protected FMLA activity and the adverse employment actions taken by Defendant.

88. The reasons given by Defendant for the misconduct toward Plaintiff and his constructive termination were pretext to cover up their unlawful and retaliatory motives.

WHEREFORE, Plaintiff prays the Court grant the following relief:

A. Award Plaintiff damages in an amount equal to any wages, salary, employment benefits, and other compensation and/or benefits denied or lost to Plaintiff by reason of the violation of the FMLA, and interest on the same amounts;

B. Award Plaintiff liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff and the interest on that amount;

C. Award Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action; and

D. Award such other and further relief as to the court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all counts of the Complaint.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the United States District Court for the District of Kansas, located in Kansas City, Kansas as the place of trial.

**HOLMAN SCHIAVONE, LLC**

By: ___/S/ M. Shaun Stallworth_____

11

M. Shaun Stallworth, KS FED # 78332
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone: 816.283.8738
Fax: 816.283.8739
sstallworth@hslawllc.com

ATTORNEY FOR PLAINTIFF